## Case No. 6,378.

### The HENRY MIDDLETON.

[Blatchf. Pr. Cas. 121.] [1]

District Court, S. D. New York. March, 1862.

PRIZE—VIOLATION OF BLOCKADE—CONDEMNATION.

1. Vessel and cargo condemned as enemy property, and for a violation of the blockade.

2. None of the officers or crew of the vessel were sent into this port with her, or produced with her to be examined as witnesses, but the master subsequently appeared and was examined in preparatorio.

In admiralty.

BETTS, District Judge. The prize in this instance was captured off the coast of South Carolina, August 21, 1861, by the United States ship Vandalia, and sent into this port, and here libelled September 5, 1861. No answer or claim has been interposed or prosecuted by any person. The vessel and cargo were owned in Charleston, and sailed thence for Liverpool between the 6th and 21st of August, 1861. The master of the vessel knew that the port was blockaded, and the fact was also published in the Charleston papers. The ship's documents were furnished her by the rebel government at Charleston, and she sailed under the rebel flag. When she was chased by the Vandalia, the master of the prize threw overboard the private letters of the shippers of the cargo he was carrying, and also his deck load, to avoid capture. Judgment of condemnation of the vessel and cargo is rendered, because the prize was at the time of capture enemy property (Jecker v. Montgomery, 18 How. [59 U. S.] 110), and also because she designedly evaded the blockade of Charleston harbor. In this case none of the officers or crew of the captured vessel were sent into this port with the prize, nor were they produced with her to be examined as witnesses. This irregularity is substantially cured by the subsequent appearance and examination in preparatorio of the master of the vessel; and, moreover, no one appears to contest the validity and regularity of the capture.

━━━━━

HENRY MORRISON, The (VAN WINKLE v.). See Case No. 16,882.

HENRY PRATT, The (BROWN v.). See Case No. 2,010.

━━━━━

## Case No. 6,379.

### The HENRY TROWBRIDGE.

[10 Ben. 415.] [2]

District Court, E. D. New York. April, 1879.

SUPPLIES TO A WHALER—LIEN—SPECIFICATION.

1. Casks, furnished to a whaler, to be stowed on board to receive the oil, are necessary for the vessel, and, by the law of the state of New York, a lien attaches to the vessel for the amount of the debt incurred therefor.

2. It is not necessary to file a specification of such lien, where the vessel has not left the state before her seizure under process issued to enforce such lien [The John Farron, Case No. 7,-341, followed].

In admiralty.

C. N. Judson, for libellant.
Beebe, Wilcox & Hobbs, for claimant.

BENEDICT, District Judge. The evidence shows a delivery to the bark Henry Trowbridge of certain casks and hoops intended for use on board the vessel during a whaling voyage for which she was then fitting.

Under the circumstances attending the transaction the libellant was entitled to payment upon delivery of the articles in accordance with the order. It cannot be held that the sale was upon the personal credit of the owners, nor was there any delay of payment agreed on such as would affect the libellant's lien or show an intention to waive the lien.

Upon the evidence, the articles furnished formed a necessary part of the equipment of the vessel. Casks stowed in a whaler to receive the oil obtained from whales captured are a necessity, and no whaler is sent to sea without them. Such articles are part of the equipment of such a vessel. The vessel was a domestic vessel of the state of New York, and by the law of that state a lien attached to her in favor of the libellant for the amount of his debt. This lien was subsisting at the time of the filing of the libel, inasmuch as the vessel did not depart from the state between the time of the delivery of the casks and her seizure under the process herein. Under such circumstances it was not necessary to file a specification of the lien.

The question in respect to the effect of the statute of the state and the necessity for filing specifications in such a case were passed on by the circuit court for the Southern district of New York in the case of The John Farron [Case No. 7,341]. The law of that case I have no desire to question or doubt, even if it were proper for me to do so. It furnishes the authority by which this case must be decided, and accordingly the libellant must have a decree for the amount of his bill, with interest and costs.